

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:10CR21

OMAR DIAZ-RIOS

## MEMORANDUM OPINION

Omar Diaz-Rios, a federal inmate proceeding pro se, submitted this motion under 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. ("§ 2255 Motion," ECF No. 128). By Memorandum Order entered on October 5, 2021, the Court directed that, within thirty (30) days of entry thereof, Diaz-Rios show good cause why his § 2255 Motion should not be denied as untimely under the relevant statute of limitations. (ECF No. 197.) More than ten (10) months have passed, and Diaz-Rios has made no response to the October 5, 2021 Memorandum Order. For the reasons set out below, the § 2255 Motion will be denied, and the action will be dismissed with prejudice and without leave to amend.[1]

### I. PROCEDURAL HISTORY

On April 23, 2020, the Court entered judgment against Diaz-Rios in Criminal Case No. 3:09CR385 ("Diaz-Rios I") and sentenced

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, and punctuation in quotations from the parties' submissions.

him to twenty-four months of imprisonment for illegal reentry after being convicted of an aggravated felony. (See ECF No. 197-1, at 1-2.) Diaz-Rios did not appeal. (Id. at 2.)

On May 12, 2010, Diaz-Rios pled guilty in this case ("Diaz-Rios II") to one count of attempted possession with intent to distribute five kilograms or more of cocaine hydrochloride, in violation of 21 U.S.C. § 846. (ECF No. 33, at 1; ECF No. 35, at 1.) On August 25, 2010, the Court entered judgment and sentenced Diaz-Rios to 327 months of incarceration.[2] (ECF No. 58, at 1-2.) Diaz-Rios did not appeal.

Then, almost nine years later, on May 20, 2019, the Court received a 28 U.S.C. § 2255 motion from Diaz-Rios in Diaz-Rios I. Petition, Diaz-Rios I, No. 3:09CR385, ECF No. 22 (E.D. Va. May 20, 2019). By Memorandum Opinion and Order entered on October 4, 2021, the § 2255 motion filed in Diaz-Rios I was denied as untimely under the relevant statute of limitations. (ECF No. 197-1, at 5-6, ECF No. 197-2, at 1.)

On May 20, 2019, the Court also received from Diaz-Rios the § 2255 that is presently before the Court in this action, Diaz-

---

[2] The Plea Agreement (ECF No. 35) entered in Diaz-Rios II did not indicate that the sentence in Diaz-Rios II should be run concurrently with the sentence in Diaz-Rios I. Nor did the Judgment. (See ECF No. 58.) Further, Diaz-Rios specifically acknowledged that the Plea Agreement constituted the "complete" agreement between the parties, and "that no threats, promises, or representations [had] been made, nor agreements reached, other than those set forth in writing." (See ECF No. 35, at 13.)

2

Rios II. In his current § 2255 Motion, Diaz-Rios contends that he is entitled to relief on the following grounds:

Claim One  "5th Amendment Violation," "My due process of law rights have been violated whereas I'm being punished for the same offense twice. I was sentenced to time served on title 8:1326 (a, b, (2)) but my sentence computation data sheet does not reflect such at the F[ederal] C[orrctional] I[nstitute] where I'm serving my federal sentence." (ECF No. 128, at 4.)

Claim Two  "6th Amendment Violation," "My counsel was ineffective whereas he did inform me that he was going to handle the situation about my time being served and both charges to run concurrent with each other but never did so, nor did he stay in contact with me." (Id. at 5.)

Claim Three  "14th Amendment Violation," "I have been denied equal protection of the laws whereas counsel was ineffective for not notifying the courts that the U.S. District Attorney did agree to run both offenses together and to forward the Federal Bureau of Prisons where I would be serving my federal sentence." (Id. at 7.)

By Memorandum Order entered on October 5, 2021, the Court directed that, within thirty (30) days of entry thereof, Diaz-Rios show good cause why the § 2255 Motion that he filed in the present action, Diaz-Rios II, should not be dismissed as time-barred. (ECF No. 197.) Diaz-Rios never filed a response.

## II. ANALYSIS

### A. Claim One

In Claim One, Diaz-Rios argues that he is being punished twice for his illegal reentry conviction in Diaz-Rios I because he was "sentenced to time served," but that is not being reflected in his

3

"sentence computation data sheet" at the Bureau of Prisons. (ECF No. 128, at 3.) Claim one fails for several reasons.

First, Claim One relates to Diaz-Rios I, not the present matter. Diaz-Rios I and Diaz-Rios II are entirely different criminal matters. To the extent that Diaz-Rios wishes to challenge his conviction or sentence in Diaz-Rios I, he must file an appropriate motion in Diaz-Rios I. Further, the Court has already determined that Diaz-Rios's claims related to Diaz-Rios I are untimely, and he has failed to demonstrate that, at this juncture, he is entitled to a second bite at that apple.

Second, and more importantly, Claim One is based on a faulty factual premise. Diaz-Rios was sentenced to twenty-four (24) months on his illegal reentry charge, not to "time served," as he maintains. See Diaz-Rios I, No. 09CR385, ECF No. 17, at 2 (E.D. Va. April 23, 2010). The fact that Diaz-Rios may have been given credit for time that he served awaiting trial does not change the fact that his total commitment obligation is twenty-four months of incarceration. Id.

Accordingly, Claim One will be dismissed.

**B. Claims Two And Three**

Claims Two and Three are based on the same underlying allegations, namely that trial counsel erred by not ensuring that the sentenced handed down in Diaz-Rios II was run concurrently with the sentence handed down in Diaz-Rios I. (ECF No. 128, 5,

4

7.) As discussed below, both Claims Two and Three are barred by the statute of limitations and will be dismissed.

### 1. The Statute Of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### 2. Calculating The Statute Of Limitations Period

Because Diaz-Rios did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Wednesday, September

5

8, 2010. See United States v. Clayton, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing Arnette v. United States, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. (4)(b)(1)(A) (requiring defendant to file an appeal within fourteen (14) days of the entry of judgment). Hence, Diaz-Rios had until Thursday, September 8, 2011, to file any claim under 28 U.S.C. § 2255. Because Diaz-Rios did not submit his § 2255 Motion until May 20, 2019, almost eight years after the time for doing so had expired, Claims Two and Three are untimely pursuant to 28 U.S.C. § 2255(f)(1). Unless Diaz-Rios demonstrates a viable basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)-(4) or an equitable basis for avoiding the limitation period, Claims Two and Three are barred by the statute of limitations. Notwithstanding that Diaz-Rios failed to respond to the Court's order to show cause, in his prior submissions to the Court, Diaz-Rios made statements, which, liberally construed, could be interpreted to mean that he believes that he is entitled to a belated commencement and/or a period of equitable tolling. The Court will address each contention in turn.

### 3. Belated Commencement

Diaz-Rios maintains that, in an "off record" conversation, his attorney promised him that he could secure a plea agreement for him that recommended to the Court that the sentence imposed in Diaz-Rios II be run concurrently with the sentence imposed in Diaz-

6

Rios I. (ECF No. 129, at 2.) Both Claims Two and Three appear to be rooted in this allegation. (ECF No. 128, 5, 7.) The Court construes Diaz-Rios's statements as a request for a belated commencement under 28 U.S.C. § 2255(f)(4).

Before a court can find a belated commencement, a petitioner bears the burden to prove that he or she exercised due diligence in discovering the claim. DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006). Whether a petitioner has exercised due diligence to warrant a belated commencement pursuant to 28 U.S.C. § 2255(f)(4) is a fact-specific inquiry unique to each case. Wims v. United States, 225 F.3d 186, 190-91 (2d Cir. 2000).

Due diligence "at least require[s] that a prisoner make reasonable efforts to discover the facts supporting his claims." Anjulo-Lopez v. United States, 541 F.3d 814, 818 (8th Cir. 2008) (quoting Aron v. United States, 291 F.3d 708, 712 (11th Cir. 2002)). A habeas applicant who "merely alleges that [he or she] did not actually know the facts underlying his or her claim does not" thereby demonstrate due diligence. In re Boshears, 110 F.3d 1538, 1540 (11th Cir. 1997). Rather, to obtain a belated commencement, the applicant must explain why a reasonable investigation would not have unearthed the facts prior to the date on which his conviction became final. See id. at 1540-41. Moreover, in evaluating a petitioner's diligence, the Court must

7

be mindful that the "statute's clear policy calls for promptness." Johnson v. United States, 544 U.S. 295, 311 (2005).

Diaz-Rios has not met his burden. Indeed, he has not addressed, much less explained why he could not discover the facts underlying these claims through diligent investigation. And, the record makes clear that the factual underpinnings of Claims Two and Three were obvious to Diaz-Rios by the time he attended the Rule 11 hearing in Diaz-Rios II, and, in any event, well before the time this conviction became final.

Diaz-Rios's Plea Agreement makes clear that the written agreement that he signed and entered before the Court "constitute[d] the complete plea agreement between the United States, [Diaz-Rios], and [Diaz-Rios's] counsel." (ECF No. 35, at 13.) The Plea Agreement gives no indication that the parties had even contemplated, much less agreed to recommend to the Court, that the sentence in Diaz-Rios II should run concurrently with the sentence in Diaz-Rios I. (Id. at 1-14.) Thus, as of May 12, 2010, when he signed the Plea Agreement, and the Rule 11 colloquy took place, Diaz-Rios could have harbored no reasonable expectation that, when he appeared before the Court for sentencing in Diaz-Rios II, the Court would run the sentence in that case concurrently with the sentence imposed in Diaz-Rios I.

Moreover, it was obvious to Diaz-Rios that when he appeared before the Court for sentencing, the Court did not, in fact, run

8

the sentence in this case concurrently with the sentence he received in Diaz-Rios I. Thus, the basis of Diaz-Rios's claim to an entitlement to a belated commencement should have been known to him no later than the date that the Court entered Judgment against him, August 25, 2010. (ECF No. 58.)

And, in this case, the relevant facts were indeed obvious and known before Diaz-Rios's conviction and sentence became final on Wednesday, September 8, 2010. See Section II.B.2., supra. For that reason, and because Diaz-Rios has failed to explain why he waited almost eight years after the expiration of the limitations period before bringing this action, Diaz-Rios has failed to demonstrate that he acted with diligence or that he is entitled to a belated commencement.

### 4. Equitable Tolling

Diaz-Rios further suggests that the Court should consider his § 2255 Motion because he is "a layman of the law not knowledgeable of rules or procedures," and he has no attorney. (ECF No. 128, at 11.) The Court construes this statement as an argument that Diaz-Rios is entitled to an equitable tolling of the limitation period.

The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting

9

Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). To make the requisite showing of diligence, the petitioner "must allege with specificity the steps he took to diligently pursue his federal claims." Id. at 929-30 (10th Cir. 2008) (emphasis added). Neither lack of counsel nor ignorance of the law provide a basis for equitable tolling of the limitation period. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)).

"Simply put, [Diaz-Rios] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." O'Neill v. Dir., Va. Dep't of Corr., No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011). Thus, Diaz-Rios fails to demonstrate an entitlement to an equitable tolling of the limitations period.

Accordingly, Claims Two and Three are barred by the statute of limitations and will be dismissed.

### III. CONCLUSION

For the foregoing reasons, the § 2255 Motion (ECF No. 128) will be denied. A certificate of appealability will be denied.[3] The action will be dismissed with prejudice and without leave to amend.

The Clerk is directed to send a copy of the Memorandum Opinion to Diaz-Rios and counsel for the Government.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 26, 2022

---

[3] An appeal may not be taken from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Diaz-Rios has not met this standard. Thus, a certificate of appealability will be denied.

11